UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Crim. No. 2:17-cr-21-DBH |
| WILLIE RICHARD MINOR, | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO DISMISS**

The defendant's motion to dismiss is **Denied**. The interpretation of the statute to which the defendant objects as unconstitutional was devised by the Supreme Court itself in 2009. United States v. Hayes, 555 U.S. 415, 418 (2009).[1] It is not for this district judge to decide that the Supreme Court's 2009 interpretation is unconstitutional. The majority of the Supreme Court chose that interpretation over the dissent of two Justices. Id. at 430-37. Customarily the Supreme Court avoids interpreting a statute in such a way as to make it

---

[1] The federal statute under which this defendant is being prosecuted prohibits possession of a firearm by someone who has previously been convicted of a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(A). 18 U.S.C. § 922(g)(9). In Hayes, the Supreme Court ruled that, so long as there was a previous state misdemeanor conviction that had as an element the use or attempted use of physical force or the threatened use of a deadly weapon, even though that state offense did not specify a domestic relationship between the defendant and the victim as an element of the offense (like the underlying Maine assault conviction charged in the indictment here), the government could prove the necessary domestic relationship in the later federal trial. This defendant argues that that interpretation makes the statute unconstitutional under the Ex Post Facto Clause, the Full Faith and Credit Clause, and the Double Jeopardy Clause, and that it is beyond Congress's criminal jurisdiction.

unconstitutional. If constitutional arguments were not adequately addressed, that is a matter for a court higher than this one to assess.[2]

**SO ORDERED.**

**DATED THIS 8TH DAY OF JUNE, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] In response to the argument "that § 922(g)(9) violates the Fifth Amendment, Sixth Amendment, and Ex Post Facto Clause because the determination that the predicate crime involves domestic violence is made at the time of the § 922(g)(9) conviction, rather than at the time of the predicate conviction," the First Circuit stated in 2015 that "[t]he Supreme Court has already rejected arguments very similar to the defendants' in United States v. Hayes . . . . " United States v. Voisine, 778 F.3d 176, 186-87 (1st Cir. 2015). Voisine also rejected the argument that the Supreme Court's later decision in Descamps v. United States, 133 S. Ct. 2276 (2013), distinguishing elements from means, affected Hayes. Id. at 187. I reach the same conclusion about the defendant's similar argument in his reply memorandum here that Mathis v. United States, 136 S. Ct. 2243 (2016), distinguishing elements from factual means, affects Hayes.