# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:17-CR-21-DBH |
| | ) | |
| WILLIE RICHARD MINOR, | ) | |
| DEFENDANT | ) | |

## ORDER ON GOVERNMENT'S MOTION *IN LIMINE*

This is a case in which a jury convicted the defendant of illegally possessing a firearm because he was previously convicted of a misdemeanor crime of domestic violence. The First Circuit remanded for new trial (by agreement of the parties) on account of the intervening Supreme Court decision in Rehaif, which held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." The Court "express[ed] no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019) (Rehaif involved possession of a firearm by an alien unlawfully in the United States). This case involves one of those "other § 922(g) provisions" that was not at issue in Rehaif, namely the category of defendants previously convicted of a misdemeanor crime of domestic violence. I previously denied the defendant's

motion to dismiss the Superseding Indictment, rejecting his argument that after Rehaif, the Superseding Indictment had to allege that the defendant *knew he was prohibited* from possessing a firearm. Order on Mot. to Dismiss Superseding Indictment (ECF No. 166). The government now has moved *in limine* "to exclude any evidence or argument that defendant believed he was allowed to possess firearms." Mot. to Exclude (ECF No. 172). The defendant resists the motion on two primary grounds: first, that the defendant is entitled to testify whether he was aware of his "relevant status" (in the words of Rehaif) and, second, that he is raising a due process defense of entrapment by estoppel. Resp. to Mot. to Exclude at 1-2 (ECF No. 176).

I **DEFER** ruling on the substance of the motion until trial, but I **ORDER** that there shall be no reference in opening statements about what the defendant may have believed about possession of firearms, and no evidence shall be introduced on that topic by either party without first approaching sidebar. I may then require a proffer, or a voir dire of the witness outside the jury's presence, so that I can make an informed ruling.

**SO ORDERED.**

**DATED THIS 16TH DAY OF DECEMBER, 2019**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**